**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name:  14a0176n.06

No. 12-4514

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Mar 05, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE SOUTHERN DISTRICT OF |
| | ) | OHIO |
| | ) | |
| DARIUS STEVENS, | ) | **O P I N I O N** |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

**BEFORE: BOGGS, NORRIS, and WHITE, Circuit Judges.**

**PER CURIAM.**  Defendant Darius Stevens pleaded guilty to one count of conspiracy to make, utter, and possess forged securities of organizations in violation of 18 U.S.C. §§ 513(a) and 371. In exchange for his guilty plea, the government dismissed a 75-count superseding indictment pending against him, which included charges for multiple counts of bank fraud, aggravated identity theft, and possession of counterfeit securities. The district court sentenced Stevens to 60-months in prison followed by three years of supervised release. On appeal, Stevens challenges this sentence as substantively unreasonable.

Stevens led a counterfeit-check ring in which forged checks from various businesses were cashed by several individuals at privately owned grocery stores, taverns, and convenience stores in Dayton, Kettering, Trotwood, Huber Heights, and Springfield, Ohio. As part of the scheme, Stevens obtained identification cards, Social Security cards, and birth certificates, which he and

his co-conspirators used to cash the checks and set up bank accounts in which to deposit the forged checks. Law enforcement searched Stevens's residence and seized myriad items related to the counterfeit-check scheme, including 1,038 blank commercial checks, computer equipment used to manufacture counterfeit checks and identification cards, thirty-three identification cards, fifty-two Social Security cards, fifteen birth certificates, 397 blank cashier's checks, and books with titles including *ID by Mail*, *The Encyclopedia of Personal Identification*, *The ID Forger*, and *How to Make Driver's Licenses and Other ID on Your Home Computer*.

A presentence report calculated Stevens's total offense level as twenty-seven and his criminal history category as III, resulting in an advisory sentencing guidelines range of 87 to 108 months of imprisonment. However, because the statutory maximum penalty of sixty months is less than the minimum of the guideline range, the guideline range became 60 months. The district court did not fully adopt the presentence-report calculation because the parties failed to include the amount of intended loss, used in the presentence report, in the factual stipulations in the plea agreement.

Nevertheless, the district court carefully stepped through the sentencing factors in 18 U.S.C. § 3553(a) in determining that a sentence of sixty months was appropriate. The court emphasized that Stevens has engaged in a continuous pattern of forgery dating back more than twenty-five years, including an almost identical scheme in 1996 for which Stevens received a fifty-seven-month sentence and still owes over $100,000 in restitution. The court was adamant about protecting the public from further crimes, noting that in addition to the long history of forgery, Stevens organized the offense and recruited his codefendants.

Stevens argues that the district court gave undue weight to his leadership role in the offense and that the district court, in considering the § 3553(a) factors, should have considered

only the facts stipulated in the plea agreement. We disagree, the key question is whether the facts considered were reliable, which they were. "When all is said and done, a sentencing judge's inquiry is 'broad in scope' and it is 'largely unlimited as to the kind of information he may consider, or the source from which it may come.'" *United States v. Graham-Wright*, 715 F.3d 598, 601 (6th Cir. 2013) (quoting *United States v. Tucker*, 404 U.S. 443, 446 (1972)).

Given the guidelines range calculated in the presentence report, the seriousness of the crime and the other § 3553(a) factors cited by the district court, and the favorable plea agreement, the sixty-month sentence imposed by the district court is substantively reasonable.

The judgment of the district court is **AFFIRMED**.